

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ROCK HILL DIVISION

| | | |
|---|---|---|
| JOHN DIAL JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:25-10432-MGL |
| | § | |
| | § | |
| DR. MARK E. ROBINSON, DIR. HARVEY, | § | |
| JUDGE KIMPSON, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS AGAINST TWO DEFENDANTS WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

Plaintiff John Dial Jr. (Dial), who is representing himself, filed this lawsuit against Defendants Dr. Mark E. Robinson (Robinson), Dir. Harvey, and Judge Kimpson.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Dial's claims against Judge Kimpson and Robinson be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 29, 2025, but Dial failed file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  It is therefore the judgment of the Court Dial's claims against Judge Kimpson and Robinson are **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 20th day of November, 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Dial is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.